# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GUSTAVO RIVERA,

Plaintiff,

v.

DISCOVER BANK, et al.,

Defendants.

Case No.  1:24-cv-01318-JLT-SKO

**ORDER GRANTING PLAINTIFF'S ADMINISTATIVE MOTION TO EXTEND FACT DISCOVERY**

(Doc. 97)

## I.      INTRODUCTION

On April 15, 2026, Defendant Discover Bank filed a motion to modify the pretrial scheduling order to extend the fact discovery deadline to allow for the completion of discovery as to the third-party production of Plaintiff's Free Application for Federal Student Aid ("FAFSA"), award letters and related financial aid records.  (Doc. 97).  The Court has considered the Motion and Opposition, (Doc. 99), as well as the supporting exhibits.  For the reasons set forth below, the Court will grant Defendant Discover Bank's request to extend the discovery deadline for the limited purposes set forth in the motion.

## II.      BACKGROUND

On October 28, 2024, Gustavo Rivera ("Plaintiff") filed this action against Discover Bank. (Doc. 1).  On March 31, 2025, Plaintiff amended his complaint, adding claims against additional Defendants Citibank, N.A., Midland Credit Management, Inc., American Express Company, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC.

In his amended complaint, Plaintiff brings claims pursuant to the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), California Consumer Credit Reporting Agencies Act, California Identity Theft Act, and Rosenthal Fair Debt Collection Practices Act. (Doc. 15 ("FAC")).  Plaintiff seeks actual, statutory, and punitive damages; costs and attorney's fees; and equitable and injunctive relief.  (FAC at 16).

On April 16, 2025, Discover Bank answered.  (Doc. 25).  As relevant to this dispute, Plaintiff's claims against Defendant Discover Bank are based on allegations that Defendant Discover Bank failed to reasonably investigate Plaintiff's report of erroneous and negative reporting as to Plaintiff's credit, which led to a failure to correct and update Plaintiff's information. (*See* FAC ¶¶ 31–74).  Among his allegations of damages, Plaintiff alleges that the erroneous and negative reporting affected his ability to obtain student loans.  (Doc. 99 at 11–12; Doc. 99-2 at 2).

On July 8, 2025, the Court issued a scheduling order setting forth the case schedule.  (Doc. 66).  On December 9, 2025, the parties stipulated to a continuation of the case schedule, (Doc. 84), which was approved by the Court the next day, (Doc. 85).  Per that order, non-expert discovery was to be completed by April 15, 2026.

In November 2025, multiple Defendants attempted to coordinate a date for Plaintiff's deposition, but those efforts were complicated by several settlements with various other Defendants between November 2025 and December 2025.  (Doc. 97-1 ¶ 5).[1]

In December 2025, Defendant Discover Bank served Plaintiff with discovery demands including requests for production; Plaintiff responded that all relevant documents had been produced.  (*Id.* ¶ 6).  At this time, "Plaintiff had not produced any applications for loans, a copy of any [FAFSA], any adverse action letters, or any financial aid award letters."  (*Id.*).

In January 2026, Defendant Discover Bank requested Plaintiff's availability for deposition.  Efforts to schedule Plaintiff's deposition were then postponed as Plaintiff and Defendant Discover Bank attempted to resolve their dispute through mediation on March 6, 2026. (*Id.* ¶ 7).  That mediation was ultimately unsuccessful and on March 13, 2026, Defendant discover

---

[1] The Court will rely on and take as true Defendant Discover Bank's counsel's Declaration insofar as the facts therein contained are undisputed.

Bank served a deposition notice setting Plaintiff's deposition for March 30, 2026. (*Id.*). At Plaintiff's request, the deposition was then rescheduled for April 1, 2026. (*Id.*).

At Plaintiff's deposition, "Plaintiff testified that the Discover tradeline on his credit report prevented him from obtaining student loans, which in turn allegedly prevented him from renting his own apartment and attending a four-year college away from home" and also that his "life has been 'stunted' by his inability to obtain student loans." (*Id.* ¶ 8). Plaintiff also "testified that he completed a FAFSA application and received a response via email," and that that response "included grants but that he could not recall whether it also included loan options." (*Id.* ¶ 9). Plaintiff then testified that "he would be able to provide a copy of the response to his FAFSA application to his attorney." (*Id.* ¶ 10). Before this testimony, Defendant Discover Bank "was not aware that Plaintiff had completed a FAFSA application or received an award letter." (*Id.* ¶ 11).

On April 7, 2026, Defendant Discover Bank's counsel emailed Plaintiff's counsel inquiring as to whether Plaintiff had provided his counsel with the FAFSA response referenced in Plaintiff's deposition testimony, to which Plaintiff's counsel responded via email indicating Plaintiff was not in possession of the referenced FAFSA response. (*Id.* ¶ 12). Over the next several days, Defendant Discover Bank inquired via email and telephone as to whether Plaintiff had attempted to obtain the referenced document through various avenues Defendant Discover Bank identified as being available to Plaintiff. (*Id.* ¶¶ 14–20). During a phone call on April 14, 2026 between Defendant Discover Bank and Plaintiff's counsel, Plaintiff's counsel communicated that he had contacted one of the two educational institutions at issue but not the other institution, which Defendant Discover considered more relevant. (*Id.* ¶¶ 17–18). In an email following that call, Defendant Discover Bank requested that Plaintiff stipulate to a thirty-day extension of the fact discovery deadline; Plaintiff's counsel declined to agree. (*Id.* ¶¶ 17–20).

In light of Plaintiff's declination to stipulate and Defendant Discover Bank's dissatisfaction with Plaintiff's efforts to obtain the relevant documents, Defendant Discover Bank prepared Rule 45 subpoenas duces tecum on "(a) the Custodian of Records, College of the Sequoias; and (b) the Custodian of Records, California State University, Fresno," seeking "Plaintiff's FAFSA application, financial aid award letters, records reflecting which components

of any financial aid Plaintiff accepted or declined, and records of communications between Plaintiff and the respective financial aid offices during the years in which he attended." (*Id.* ¶ 21). Upon service of these subpoenas, Plaintiff's counsel contacted Defendant's counsel "stating the subpoenas were untimely due to the pending discovery cut off" the following day and "demand[ing] confirmation that the subpoenas be withdrawn by 10:00 a.m. the following day," and indicating if the subpoenas were not withdrawn, Plaintiff "would move *ex parte* to quash the subpoenas" and "seek recovery of all attorneys' fees and costs incurred." (*Id.* at ¶ 23).

Because the subpoenas ask for compliance by April 30, 2026 and Plaintiff has declined to stipulate to an extension, Defendant Discover Bank has filed the instant motion, in which Defendant Discover Bank seeks a thirty-day extension of fact discovery for the limited purpose of obtaining Plaintiff's financial award letters and documents related to the Free Applications for Federal Student Aid ("FAFSA").

### III.    LEGAL STANDARD

Generally, the Court is required to enter a pretrial scheduling order within 90 days of service of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the course of the action," Fed. R. Civ. P. 16(d), unless the Court modifies the order based on a showing of "good cause," *see* Fed. R. Civ. P. 16(b)(4).

When evaluating whether a party has demonstrated "good cause" under Rule 16, a Court considers several factors including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997)); *Williams v. Rocha*, No. 1:22-CV-00095, 2024 WL 4453334, at *2 (E.D. Cal. Oct. 9, 2024) (same). The fourth factor is the most important, as the primary focus of a Rule 16(b)(4) good cause inquiry "is upon the moving party's reasons for seeking modification"

and "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Therefore, when a party has not been diligent "the inquiry should end" and the motion to modify the schedule should be denied.  *Johnson*, 975 F.2d. at 609.  However, where the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension," Rule 16(b) grants a district court the discretion to modify the schedule.  *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

## IV.    DISCUSSION

### A.    Defendant Discover Bank Has Demonstrated Good Cause to Modify the Pretrial Scheduling Order

1.    Defendant Discover Bank Acted Diligently

The Court begins by assessing the primary consideration and dispositive factor whether Discover Bank was diligent.  *See Johnson*, 975 F.2d at 609.

Plaintiff contends Defendant Discover Bank should not be permitted to continue fact discovery as to the FAFSA records because Discover Bank was not diligent in seeking this discovery when fact discovery was open. (Doc. 99 at 9–16).  The Court disagrees.

It is undisputed that Defendant Discover Bank was made aware of Plaintiff's statement that Plaintiff "cannot obtain any loans, credit cards, or student loans" in discovery.  (Doc. 99-1 ¶ 2; Doc. 99-2 at 2).  However, the Court finds that Plaintiff's responses to Discover Banks interrogatories and requests for production were incomplete thereby excusing Defendant Discover Bank's lack of further diligence prior to Plaintiff's deposition.

In response to Defendant Discover Bank's Request for Production No. 6, which sought "[a]ny and all DOCUMENTS that RELATE TO any and all damages, including actual damages, if any, that YOU contend that YOU are entitled to recover from DISCOVER, including the calculation of any such alleged damages," Plaintiff stated "Plaintiff has produced all responsive documents within their possession." (*Id.* at 5).  And in response to Defendant Discover Bank's Request for Production Nos. 11 and 12, which sought "All DOCUMENTS YOU submitted to any entities with whom YOU applied for credit since January 1, 2021" and "All DOCUMENTS YOU

received from any entities with whom YOU applied for credit since January 1, 2021," Plaintiff responded, "Plaintiff has not applied for credit." (*Id.* at 6). And finally, in response to Request for Production No. 20, which sought "All DOCUMENTS that RELATE TO any damages YOU are seeking from DISCOVER as alleged in the COMPLAINT," Plaintiff responded, "Plaintiff has produced all responsive documents within their possession." (*Id.* at 8).

The Court finds that the FAFSA and student aid documents at issue are responsive to the aforementioned requests for production. While student aid can include grants and scholarships, student aid also includes student loans. And a FAFSA application is the mechanism for evaluation as to whether a prospective student is eligible for, at a minimum, federal student loans. *See Washington v. DeVos*, No. 2:20-CV-0182-TOR, 2020 WL 4275041, at *3 (E.D. Wash. July 24, 2020) ("having a FAFSA on file is the primary practicable means for an institution to determine whether a student is eligible to participate in student aid programs and meets all applicable eligibility guidelines"). A FAFSA application is then best understood, for the purposes of this litigation where Plaintiff alleges damages based on the unavailability of student loans, as an application for credit.[2]

Additionally, the financial aid documents at issue are directly relevant to Plaintiff's alleged damages and, thus, are responsive to Defendant Discover Bank's Request for Production No. 20.

Based on Plaintiff's representations in response to Defendant Discover Bank's requests for production, Defendant Discover Bank's failure to seek discovery associated with Plaintiff's FAFSA application and other documents related to Plaintiff's attempts to obtain student loans until after Plaintiff's deposition was excusable, as the need to seek such discovery was not apparent until Plaintiff's deposition on April 1, 2026. Because Defendant Discover Bank reasonably relied on Plaintiff's representations in response to Defendant Discover Bank's requests for production, and demonstrated diligence after Plaintiff's deposition, the Court finds Defendant Discover Bank did not lack diligence in seeking the documents at issue.[3]

---

[2] A finding to the contrary is untenable, as it would mean that there are no documents  other documents identified that would give rise to the denial of access to student loans as alleged by Plaintiff.

[3] The Court finds that Plaintiff's reference to *Panchenko v. Bank of America, N.A.*, (Doc. 99 at 10–11 (citing No. 23-CV-04965-EKL, 2025 WL 4481077, at *2 (N.D. Cal. Apr. 28, 2025)), inapposite. In *Panchenko*, the party seeking a modification of the case schedule sought "undefined discovery" from third parties that were not "separately

2.      Other Factors Weigh in Favor of Modification

The balance of the other factors also weighs in favor of modification.  The currently scheduled trial date, January 12, 2027, is not imminent relative to the limited modification requested. *Cf. Huerta v. Cnty. of Tulare*, No. 1:17-CV-01446-EPG, 2024 WL 307786, at *3 (E.D. Cal. Jan. 26, 2024) (finding a June trial date was not "imminent" in January of the same year).

Plaintiff has not demonstrated that reopening fact discovery for a short period and for a limited purpose would result in significant "additional costs and major alterations in trial tactics and strategy," nor would such an extension meaningfully "delay[] the proceedings, especially the trial date." *Morris v. Sutton*, No. 1:17-cv-01488-AWI (SAB), 2019 WL 2994291, at *5 (E.D. Cal. July 9, 2019).  To the extent Plaintiff alleges prejudice stemming from being unable to conduct follow up discovery as to any records produced, the Court notes (1) production of the documents at issue is due to be completed several weeks prior to the requested continued deadline for fact discovery, giving Plaintiff time to conduct any follow-up discovery, and (2) if such time is insufficient, so long as Plaintiff is able to articulate reasonable and specific additional discovery needs, any such prejudice can be remedied by a stipulation to further extend fact discovery or request of this Court to further extend fact discovery.  *See Hubbs v. Big Lots Stores, Inc.*, No. LACV1501601JAKASX, 2017 WL 10438896, at *5 (C.D. Cal. Oct. 2, 2017) ("Further, there has been no showing that any follow up discovery cannot be completed within the current deadline or that a brief continuance of that deadline to allow the completion of such discovery would be prejudicial."); *Vieste, LLC v. Hill Redwood Dev.*, No. C 09-04024 JSW, 2010 WL 11484768, at *5 (N.D. Cal. July 13, 2010) ("To the extent Defendants contend they would be prejudiced . . . the Court can alleviate such prejudice by extending the discovery deadline to allow adequate time for further discovery.").  The Court therefore finds that Plaintiff has not credibly demonstrated that the reopening of fact discovery for several weeks would be prejudicial.

As to foreseeability, the Court finds that it was not foreseeable to Defendant Discover

---

subpoena[ed]" and the request for medication at issue would have "significantly extend[ed] fac and expert discovery, which would [have] disrupted the entire case schedule." *Panchenko*, 2025 WL 4481077, at *2.  Whereas in the present case, Defendant Discover Bank seeks limited and defined discovery related to subpoenas that have been served and Defendant Discover Bank's request for modification of the case schedule seeks modification of only the fact discovery deadline.

7

Bank that it would need to subpoena the records at issue from third parties until after both (1) the deposition and (2) Plaintiff's alleged inability to timely produce documents he had testified that he would produce to his attorney. *See Morris v. Sutton*, No. 117CV01488AWISAB, 2019 WL 2089496, at *5 (E.D. Cal. May 13, 2019) (foreseeability may follow from a court's analysis of diligence); *Washington v. Essex*, No. 2:12-CV-03054-DAD-DB, 2022 WL 17417871, at *7 (E.D. Cal. Dec. 5, 2022) (same).

As to the last factor, the Court finds that Defendant Discover Bank has demonstrated that there is a reasonable likelihood that the limited and narrow fact discovery it seeks will lead to evidence relevant to Defendant Discover Bank's defenses.

In sum, the balance of the factors weighs in favor of extending the fact discovery deadline, The Court shall grant the motion to modify the pretrial schedule to briefly reopen fact discovery for a limited purpose.

## V.    CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion for Administrative Relief: Limited Extension of Fact Discovery Deadline, (Doc. 97), is **GRANTED**;

2.    The deadline by which to complete the permitted fact discovery in this case is **EXTENDED to May 15, 2026** for the following purpose: Obtaining third-party discovery from financial aid award letters and documents related to the Free Applications for Federal Student Aid Plaintiff submitted to two colleges he attended (College of the Sequoias and California State University, Fresno); and

3.    All other dates set in the December 10, 2025 scheduling order remain set as scheduled.

IT IS SO ORDERED.

Dated:    **April 24, 2026**            /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

8